UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERIE TURNER and DEREK BISSEN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> V. <br><br> NTFN, INC. and NATIONWIDE HOME LENDING, <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT – COLLECTIVE ACTION

### SUMMARY

1. Plaintiffs worked more than forty (40) hours in a workweek as loan officers for NTFN, Inc. and Nationwide Home Lending (hereinafter referred to as "Defendants"). Plaintiffs were commissioned employees who were not compensated at the Fair Labor Standard Act (FLSA) required minimum wage. Defendants also did not pay them overtime pay for hours worked over forty in a workweek as required under the FLSA.

2. Defendants' practice of failing to pay non-exempt employees the required federal minimum wage violates the FLSA. *See* 29 U.S.C. § 206.

3. Defendants' failure to compensate non-exempt employees for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate further violates the FLSA. *See* 29 U.S.C. § 207(a).

4. Defendants likewise did not pay the required minimum wage and overtime to other similarly situated workers throughout the United States. Those other workers should receive notice of their right to join this suit.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in the Southern District of Texas, because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Cherie Turner is an individual residing in Sevierville, Tennessee. Plaintiff's written consent form to this action is attached hereto as Exhibit "A".

8. Plaintiff Derek Bissen is an individual residing in Tampa, Florida. Plaintiff's written consent form to this action is attached hereto as Exhibit "B".

9. The Class Members are Defendants' commission paid current and former loan officers throughout the United States.

10. Defendant NTFN, Inc. is a for-profit Texas Corporation. Said Defendant can be served with process by serving its registered agent as follows: Charles Priest, 2901 Dallas Parkway, Suite 120, Plano, TX 75093.

11. Defendant Nationwide Home Lending is a for-profit entity doing business in Texas. Said Defendant can be served with process by serving its registered agent as follows: Charles Priest, 2901 Dallas Parkway, Suite 120, Plano, TX 75093.

## FLSA COVERAGE

12. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendants have been enterprises within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. At all material times, defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Furthermore, Defendants have an annual gross business volume of not less than $500,000.00.

## FACTS

16. Defendants NTFN, Inc. and Nationwide Home Lending provide financial services such as lending and mortgage services.

17. Defendants employ loan officers throughout the United States to assist potential customers with lending and mortgage services.

18. Defendants employ loan officers in at least 10 different states in the United States.

19. Defendants have locations in more than one city in Texas.

20. Defendants have locations in more than one state in the United States.

21. Plaintiffs were employed as loan officers for Defendants.

22. Defendants paid Plaintiffs from their office in Houston, Texas.

23. Payroll decisions related to Plaintiffs were made from Defendants' office in Houston, Texas.

24. Plaintiffs and Class Members for Defendants communicated with clients and potential clients in order to assist them in obtaining loans.

25. Plaintiffs and Class Members worked from home and were required to work long hours; many times without pay.

26. Plaintiffs and Class Members received a commission for the work they performed.

27. Given this compensation structure, there were many weeks in which Plaintiffs and Class Members did not receive pay despite working significant hours.

28. Additionally, although Plaintiffs and Class Members were required to work more than forty (40) hours per work-week, and did so frequently, Plaintiffs and Class Members were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work-week.

29. Instead, their pay frequently failed to meet the minimum wage and overtime rates required by the FLSA.

30. No FLSA exemption applies to commissioned employees such as Plaintiffs and Class Members.

31. Plaintiffs and Class Members are non-exempt employees.

32. Defendants' method of paying Plaintiffs and Class Members in violation of the FLSA was willful, and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs have actual knowledge that Class Members have also been denied minimum wage for hours worked under forty and overtime pay for hours worked over forty hours per workweek.

34. Other employees similarly situated to Plaintiffs worked for Defendants in a similar capacity.

35. Although Defendants permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

36. Although Defendants permitted and/or required the Class Members to work significant hours, Defendants have denied Class Members full compensation at least at the minimum required wage rate.

37. The Class Members perform or have performed the same or similar work as the Plaintiffs.

38. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

39. Class Members are not exempt from receiving minimum wage or overtime under the FLSA.

40. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime.

41. Defendants' failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

42. The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

43. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

44. All Class Members, irrespective of their particular job requirements, are entitled to minimum wage and overtime compensation for hours worked.

45. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

46. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> The Class includes all current and former loan officers of Defendants throughout the United States during the three-year period before the filing of this Complaint.

## PLAINTIFFS AND CLASS MEMBERS' MINIMUM WAGE CLAIM

47. Plaintiffs and Class Members incorporate all allegations contained in the foregoing paragraphs.

48. Defendants' practice of failing to pay Plaintiffs and Class Members the federally mandated minimum wage violated the FLSA. *See* 29 U.S.C. § 206.

49. None of the exemptions provided by the FLSA regulating the duty of employers to pay minimum wage are applicable to the Defendants or to the Plaintiffs and Class Members.

50. Defendants paid Plaintiffs and Class Members a commission which failed to meet the legally mandated minimum wage rate.

51. Defendants' compensation policy violates the FLSA.

52. The Defendants have not made a good faith effort to comply with the FLSA.

53. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage compensation.

### **PLAINTIFFS AND CLASS MEMBERS' OVERTIME WAGE CLAIM**

54. Plaintiffs and Class Members incorporate all allegations contained in the foregoing paragraphs.

55. Defendants' practice of failing to pay Plaintiffs and Class Members for all hours violates the FLSA. *See* 29 U.S.C. § 207.

56. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate are applicable to the Defendants or to the Plaintiffs and Class Members.

57. Defendants failed to pay Plaintiffs and Class Members the legally mandated overtime rate of time and one-half for the hours worked over 40 in a workweek.

58. Defendants' compensation policy violates the FLSA.

59. Defendants have not made a good faith effort to comply with the FLSA.

60. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

### **WAGE DAMAGES SOUGHT**

61. Plaintiffs and Class Members are entitled to recover their unpaid minimum wage and overtime compensation.

62. Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid minimum wage and overtime wages as liquidated damages. 29 USC § 216(b).

63. Plaintiffs and Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 USC § 216(b).

## **PRAYER**

64. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding them the following:

    a. Unpaid minimum wages for all hours worked in a workweek;

    b. Overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

    c. An equal amount as liquidated damages as allowed under the FLSA;

    d. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

    e. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, LLP

By: /s/ _____
Galvin B. Kennedy
State Bar No. 00796870
Federal Bar No. 20791
gkennedy@kennedyhodges.com
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEY IN CHARGE FOR PLAINTIFFS
& CLASS MEMBERS

OF COUNSEL:
Don J. Foty
State Bar No. 24050022
Federal Bar No. 711552
rprieto@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX  77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116